VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

CHARLES M. REYNOLDS, JR.,
                    *Plaintiff,*

v.                                          CASE NO.: CL18- _3108_

GREGORY PRESTON REYNOLDS,
                    *Defendant.*
Serve at: 408 Hartford Drive
          Nutley, NJ 07110

## COMPLAINT

COMES NOW the Plaintiff, Charles M. Reynolds, Jr., by counsel, and for his Complaint against Gregory Preston Reynolds, states as follows:

### Parties

1.      Plaintiff Charles M. Reynolds resides in Naples, Florida and is a citizen of the State of Florida.

2.      Defendant Gregory Preston Reynolds resides at 408 Hartford Drive, Nutley, New Jersey, is a citizen of the State of New Jersey and is the biological son of the Plaintiff and Estella H. Reynolds.

### Jurisdiction and Venue

3.      The Court has subject matter jurisdiction pursuant to Virginia Code §17.1-513.

4.      The causes of action that give rise to this litigation took place in the City of Virginia Beach.

5.      The Court has personal jurisdiction pursuant to Virginia Code §§8.01-328.1(1) (3) and/or (6).

6.      Venue is proper in this Court pursuant to Virginia Code §8.01-262.

### Facts Common to All Counts

7.      For the last two years, Defendant Gregory Preston Reynolds colluded, conspired

FILED
VA. BEACH CIRCUIT COURT
18 JUL -5 AM 8: 33
TINA E. SINNEN, CLERK
BY _____ D.C.


EXHIBIT
1

and acted in concert with his mother, Estella H. Reynolds (the "Mother"), for the purpose of willfully and maliciously injuring the Plaintiff in his reputation, trade, and business by and through abusing his position as his Mother's agent and attorney in fact under her power of attorney. The Defendant knowingly interfered with a certain "Stipulation Agreement" between his Mother and the Plaintiff. The Stipulation Agreement is attached hereto as Exhibit 1.

8.     The Plaintiff and Defendant's Mother were divorced by operation of a certain "Final Decree A Vinculo Matrimonii" entered by the Virginia Beach Circuit Court on June 30, 2008 that incorporated the Stipulation Agreement (the "Divorce Decree"). The Divorce Decree is attached hereto as Exhibit 2.

9.     Subsequent to the divorce, the Defendant requested and received from his Mother his appointment as her agent under a power of attorney (the "POA").

10.     On information and belief, the Defendant requested the POA appointing him as his Mother's agent for the purpose of harassing the Plaintiff, causing the Plaintiff financial hardship, and taking financial advantage of his Mother.

11.     Once appointed as agent, the Defendant proceeded to intervene and take control over certain assets that were subject to the provisions of the Stipulation Agreement, to the Plaintiff's detriment.

12.     One such asset was the marital home located at 4504 Kelley Court, Virginia Beach, Virginia (the "Marital Residence").

13.     Without the Plaintiff's knowledge, consent or acquiescence, and in violation of the provisions of the Stipulation Agreement, the Defendant collected at least nine (9) months of rental income of $2,350.00 per month for a total amount of $21,150.00 (the "Rental Income") from a certain Marc Van Dyck, the Tenant of the Marital Residence, as evidenced by the

document attached hereto as <u>Exhibit 3</u>.

    14.    The Plaintiff first became aware that the Defendant collected and converted the $21,150.00 in Rental Income on or about August 15, 2017, the date that Estella Reynolds' legal counsel, Carolyn Camardo of the law firm of Harry Jernigan, CPA Attorney, P.C., made Estella Reynolds' divorce file available for review and copying by Plaintiff's counsel, at which time the documents attached hereto as Exhibit 3 were discovered.

    15.    On information and belief, Exhibit 3 was inadvertently disclosed to Plaintiff's counsel; that is, neither the Defendant, nor Estella Reynolds, nor Estella Reynolds' attorneys meant to disclose Exhibit 3 to Plaintiff's counsel. The attorneys at the law firm of Harry Jernigan, CPA Attorney, P.C. are necessary and indispensable witnesses to the actions of the Defendant and the claims made herein.

    16.    On or about September 2010, to interfere with the Stipulation Agreement and to cause damage to Plaintiff, Defendant had his Mother move out of the Marital Residence so that he could rent it to a third party and collect and keep for himself rental income in excess of $21,150.00.

    17.    Before the entry of the Divorce Decree, the Marital Residence was owned by Plaintiff and Estella Reynolds as husband and wife, tenants by the entirety. However, once the Divorce Decree was entered by the Virginia Beach Circuit Court, the tenancy by the entirety was terminated and the now *former* spouses became tenants in common. As tenants in common, they were each entitled to receive one-half of the rental income generated by the Marital Residence.

    18.    Under the Stipulation Agreement, Plaintiff was solely responsible for paying all liabilities relating to the Marital Residence from the time of the Stipulation Agreement to the time the parties sold the Marital Residence.

19. The Stipulation Agreement did not provide for, or allow, Estella Reynolds to move out of the Marital Residence, rent it out and keep the rental income. Rather, because Plaintiff was solely responsible for all liabilities relating to the Marital Residence under the Stipulation Agreement until the residence was sold, Plaintiff was entitled to receive any and all rental income generated by the Marital Residence.

20. Defendant was fully aware of all of the terms and conditions of the Stipulation Agreement and of the respective duties and obligations of the parties under the Stipulation Agreement.

21. Once Estella Reynolds moved out of the Marital Residence and allowed Defendant to rent it out and begin collecting and using the Rental Income, she was in default under the Stipulation Agreement and the Divorce Decree.

22. Defendant and Estella Reynolds both knew that Estella Reynolds was in default under the Stipulation Agreement and the Divorce Decree once the Marital Residence was rented out and Defendant was collecting and using the Rental Income for his own benefit.

23. As a matter of contract law, the foregoing default excused, or at least suspended, Plaintiff's duty to perform under the Stipulation Agreement while the default existed.

24. The foregoing default constituted a defense in favor of Plaintiff against any enforcement action by Estella Reynolds under the Stipulation Agreement while the default existed.

25. Defendant and Estella Reynolds both actively and intentionally concealed from the Plaintiff the facts that: the Marital Residence was being rented out, the Defendant was collecting and using the Rental Income for his own benefit, Estella Reynolds was in default under the Stipulation Agreement and the Divorce Decree, Plaintiff was legally excused from

4

performing (that is, making payments to Estella Reynolds) under the Marital Agreement while the default existed, and that Plaintiff had a defense to any enforcement action by Estella Reynolds while the default existed.

26.     Defendant and Estella Reynolds both knew that the Rental Income was owned by and belonged to Plaintiff, and Defendant and Estella Reynolds colluded, conspired and acted in concert with each other to:

> a. defraud Plaintiff out of the Rental Income;
>
> b. convert the rental income to Defendant's use;
>
> c. to conceal from Plaintiff the fact that Estella Reynolds was in default under the Stipulation Agreement, that Plaintiff was thereby legally excused from performing under the Stipulation Agreement while the default existed, and that Plaintiff had a legal defense to any enforcement action under the Stipulation Agreement while the default existed.

27.     Defendant and Estella Reynolds actively and successfully concealed the foregoing fraud from Plaintiff.

28.     Plaintiff did not know that Defendant and Estella Reynolds had conspired against and defrauded Plaintiff as described above until August 15, 2017, the date the documents attached hereto as Exhibit 3 were discovered by Plaintiff's counsel, and Plaintiff could not have discovered the fraud before that time by exercising due diligence.

29.     In addition to orchestrating the conversion of the Rental Income, and while Estella Reynolds was in default under the Stipulation Agreement and Divorce Decree, Defendant used his appointment as his Mother's agent under the POA to intervene and take control over certain litigation between his Mother and the Plaintiff. Specifically, Defendant used the POA to institute and prosecute enforcement proceedings against Plaintiff under the Stipulation

5

Agreement and Divorce Decree in Virginia Beach Circuit Court for the purpose of causing the Plaintiff financial hardship and to maliciously injure the Plaintiff in his reputation, trade, and business.

30.     In connection with that certain Virginia Beach Circuit Court Case styled as "Estella H. Reynolds v. Charles M. Reynolds, Jr.", case number CL06-5-01, the Defendant made the decisions to file collection/enforcement motions and three (3) motions to reconsider rulings of the Court, which decisions were not disclosed to or known by the Mother, and which were misrepresented by Plaintiff to the Mother as being motions the Plaintiff had filed.

31.     As a direct result of Defendant's wrongful conduct as described above, Plaintiff suffered adverse rulings in the foregoing collection/enforcement proceedings in Virginia Beach Circuit Court and incurred significant legal expenses in connection therewith, none of which would have taken place had Defendant not colluded against and defrauded Plaintiff as described above.  Defendant has thereby damaged Plaintiff legally, financially, in Plaintiff's reputation, and in connection with Plaintiff's business.

## COUNT I - TORTIOUS INTERFERENCE WITH CONTRACT

32.     The allegations set forth above are incorporated herein by reference.

33.     Defendant knew about the existence and the content of the Stipulation Agreement.

34.     Defendant knew that Plaintiff was a beneficiary of many provisions of the Stipulation Agreement, including the provisions concerning the Marital Residence.

35.     Defendant knowingly engaged in a course of conduct the purpose of which was to interfere with the Stipulation Agreement and deprive Plaintiff various benefits under the Stipulation Agreement.

36.     Once his Mother appointed him as her agent, Defendant proceeded to intervene

and take control over certain divorce proceedings between the Mother and the Plaintiff for the purpose of causing the Plaintiff to suffer financial hardship and incur needless litigation expenses.

37.     In that certain Virginia Beach Circuit Court Case No. CL06-5-01, the Defendant made the litigation decisions to file several collection motions and three (3) motions to reconsider the same ruling of the Court over a period of 10 months.  These decisions were not disclosed to the Mother, and Defendant purposely misrepresented to the Mother that it was the Plaintiff that had filed the subject motions to cause the litigation to continue.

38.     On information and belief, Defendant has made other attempts to interfere with the Stipulation Agreement and cause the Plaintiff damages.

39.     Defendant's tortious interference with the Stipulation Agreement caused Defendant financial and reputational damage.

## COUNT II - CONVERSION

40.     The allegations set forth above are incorporated herein by reference.

41.     In 2010, the Defendant collected at least $21,150.00 in rental income from the Marital Residence, which Defendant converted for his own benefit and use to the detriment of the Plaintiff, the rightful owner of the Rental Income.

42.     Defendant has wrongfully exercised dominion and control over the Rental Income belonging to Plaintiff, depriving Plaintiff of its use and enjoyment. As such, the Defendant has improperly converted the Rental Income.

43.     As a result of Defendant converting the Rental Income, the Plaintiff has incurred damages.

44.     The Defendant acted with malice and conscious disregard for the rights of the

7

Plaintiff and is therefore properly subject to an award of punitive damages against him.

## COUNT III - UNJUST ENRICHMENT

45.     The allegations set forth above are incorporated herein by reference.

46.     Alternatively, Defendant would be unjustly enriched, and the Plaintiff would suffer to his detriment, if Defendant were to unjustly receive the benefit of the $21,150.00 in rental Income.

47.     Plaintiff has incurred damages as a result of Defendant's actions.

48.     Accordingly, Defendant is liable to the Plaintiff for the value of the rent collected in the amount of at least $21,150.00, under the theory of unjust enrichment.

## COUNT IV -VIOLATION OF VIRGINIA CODE §18.01-499 AND §18.01-500

49.     The allegations set forth above are incorporated herein by reference.

50.     Virginia Code § 18.2-499, provides:

Combinations to injure others in their reputation, trade, business or profession-

A. Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever … shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.

51.     The Defendant's conduct, as described above, constitutes a combination of Defendant and the Mother to willfully and maliciously injure the Plaintiff in his reputation, trade, or business, in violation of Virginia Code 18.2-499.

52.     Virginia Code § 18.2-500 provides:

A. Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits.

B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.

53.    Accordingly, pursuant to Virginia Code 18.2-500, the Plaintiff is entitled to recover three-fold the damages sustained by him, and the costs of suit, including attorney's fees, and Plaintiff is entitled to have the Defendant restrained and enjoined from continuing the acts complained of.

54.    Plaintiff and his businesses have suffered treble damages in the amount of $1,000,000.00 as a result of the Defendant's acts in violation of Virginia Code §§ 18.2-499 and 500.

55.    Pursuant to Virginia Code § 18.2-500, the Plaintiff moves this Court to enter an injunction order preventing the Defendant from taking any action against the Plaintiff under the guise of the POA and enjoining Defendant from interfering with the Stipulation Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully moves this Court to grant the following relief:

A.    Pursuant to Count I, enter a money judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for compensatory damages in the amount of $1,000,000.00, plus punitive damages in the amount of $350,000.00.

B.    Pursuant to Count II, enter a money judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for $21,150.00 for the converted rental income, plus $350,000.00 in punitive damages.

C.    Pursuant to Count III, enter a money judgment in favor of Plaintiff and against

Defendant Gregory Preston Reynolds for actual damages in the amount of $21,150.00.

D.      Pursuant to Count IV, enter a money judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for compensatory damages in the amount of $1,000,000.00, plus $350,000.00 in punitive damages, plus an award of attorney's fees in an amount to be determined by the Court.

E.      Pursuant to Count IV, enter an order enjoining Defendant from acting as agent under the POA in any manner that involves the Plaintiff and enjoin the Defendant from interfering with the Stipulation Agreement.

F.      Grant such other and further relief as the Court may deem appropriate.

**TRIAL BY JURY IS DEMANDED**

CHARLES M. REYNOLDS, JR.

By: _____
        Of Counsel

John M. Barrett, Esquire
VSB No.:50912
Allegiant Law, P.C.
200 South Kellam Road
Virginia Beach, VA 23462
(757) 456-5297 - Telephone
(757) 456-5298 – Telefax
*Counsel for Plaintiff*

10

EXHIBIT

1

## STIPULATION AGREEMENT IN ACCORDANCE WITH TITLE 20-109.1 OF THE CODE OF VIRGINIA, 1950, AS AMENDED

**THIS AGREEMENT**, made on this the 26th day of February, 2008, by and between

CHARLES M. REYNOLDS, JR., party of the first part, hereinafter referred to as "Husband"

and ESTELLA H. REYNOLDS, party of the second part, hereinafter referred to as "Wife".

WHEREAS the parties were married on August 19, 1956 in Acree, Georgia; and

WHEREAS there have been two children born of the marriage, both of whom are over

the age of 18 and fully emancipated; and

WHEREAS certain differences and marital difficulties have arisen between the

parties, which difficulties are irreconcilable, and on account of which the parties have agreed

between themselves to live separate and apart, on account of which the parties have separated

as of December 24, 2005, with the intent to live separate and apart, and the parties do intend

to live separate and apart from each other; and

WHEREAS the parties hereto, without making any agreement to obtain or in

furtherance of obtaining a divorce, desire at this time to settle and dispose of all questions,

concerning all the property of the other and also the financial responsibility of each with

respect thereto and to each other, to settle and determine all questions of support, maintenance

and property rights between each other, and have executed this agreement with this intent and

understanding; and

FILED
VA BEACH CIRCUIT COURT

18 JUL -5 AM 9: 33

TINA E. SINNEN, CLERK

BY _____ D.C.

Page 1 of 13

FILED
VA BEACH CIRCUIT COURT

08 JUN 27 PM 12: 29

TINA E. SINNEN, CLERK

BY _____ D.C.

WHEREAS, the parties are both of sound mind and over the age of eighteen years; and

WHEREAS, the Wife has been fully apprised of the financial condition of the Husband and his earnings and also knows her present needs and requirements; and

WHEREAS, the Husband has been fully apprised of the financial condition of the Wife and her earnings and also knows his present needs and requirements; and

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements contained herein in full, complete and final settlement, adjustment and compromise of any interest whatsoever of each in the property, estate or interests of the other, it is hereby mutually agreed by and between the parties hereto as follows:

1.      That it is the mutual desire of both parties that the provisions of this agreement be ratified, approved and confirmed by any Court of competent jurisdiction in the event that either party file or institute divorce proceedings in any such court and in the further event that a divorce is awarded by such court, and in full and complete settlement of all right, title and interest which each may have in the property of estate of the other, as a part of any divorce decree, whether it be a divorce A MENSA ET THORO or a divorce A VINCULO MATRIMONII decree which is granted by said court; and both parties do hereby request ratification, confirmation and approval of the terms of this agreement by such court, and request that the said court shall affirm, ratify and incorporate this agreement in the said divorce decree, if granted, pursuant to Section '20-109.1, of the Code of Virginia, 1950, as

amended, in full and complete settlement of all right, title and interest which each may have in the property and/or estate of the other.

2.    That it is the mutual desire of the parties that this agreement bind themselves, their heirs, executors, administrators and assigns forever.

3.    That it is the understanding of the parties that this agreement has been written pursuant to the laws of the Commonwealth of Virginia, and should there be any dispute concerning this agreement or should there be a need of interpretation, it shall be interpreted in accordance with the laws of the Commonwealth of Virginia.

4.    That the Husband hereby forever relinquishes and releases all right, title and interest which he now has or ever may have in and to the real, personal and mixed property of the Wife, all right of curtesy, all right, title and interest which he has or ever may have in or to the property or estate of the Wife at the time of her death, all right and interest under Virginia law including the Augmented Estate Statute and all right and interest to take against her will or under the intestate laws, and each and every other right, title and interest he may ever have against the wife, her heirs, executors, administrators and assigns excepting only every right that is given to him in and by this agreement.

5.    That the Wife hereby forever relinquishes and releases all right, title and interest which she now has or ever may have in and to the real, personal and mixed property of the Husband, all right of dower, all right, title and interest which she has or ever may have in or to the property or estate of the Husband at his death, all right and interest under Virginia law

...ting the Augmented Estate Statute and all right and interest to take against his will, and under the intestate laws, and each and every other right, title and interest she has or ever may have against the Husband, his heirs, executors, administrators and assigns excepting only every right that is given to her in and by this agreement.

6. That Husband and Wife agree that each shall not, from the date of the signing of this agreement, incur any debt in anticipation that the other party shall be liable thereon except as may be otherwise specifically provided in this agreement, and each shall hold the other harmless from any and all claims which may be made against themselves by any creditors.

7. **SPOUSAL SUPPORT** - Husband agrees to waive any right he may have, now or in the future, to spousal support and maintenance. Husband agrees to pay to Wife, as and for spousal support, the sum of SEVEN THOUSAND AND NO/100 DOLLARS ($7,000.00) per month, commencing on March 5, 2008, and payable in semi-monthly installments of THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3,500.00) each on the fifth and twentieth of each month. Such payments shall continue until the death of either party or the Wife's remarriage, whichever first occurs. The amount of spousal support set forth herein shall be subject to modification by a court of competent jurisdiction upon a showing of a material change in circumstances not due to the fault of the party seeking modification

Page 4 of 13

8. REAL PROPERTY. The parties agree that the former marital residence, located at 4504 Kelley Court, Virginia Beach, Virginia be listed for sale. In the interim, the Wife shall have the right of exclusive possession, and the parties shall execute a note and Deed of Trust secured by said property in the amount of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), to enable Wife to relocate. Wife shall receive the loan proceeds. Husband shall make the monthly payment in the form of an offset from his monthly equitable distribution payment, as set forth in paragraph three of the said Agreement.

The parties further agree that Wife's current secured Note of approximately $110,000.00 with Bank of the Commonwealth now secured by a neighbor's property and Wife's car shall be secured by 4504 Kelly Court.

If at closing, there is a deficiency of $110,000.00 (as set forth in the preceding paragraph) or less, it shall be the responsibility of the Wife to pay same. Should Wife be incapable of financing the deficiency, Husband agrees to guarantee same, and he shall be held harmless by Wife and she shall be solely obligated to pay same (the Wife shall use all reasonable means to collateralize the loan). Until sale, Wife is solely responsible for the monthly payment on the first mortgage (purchase money Deed of Trust). Any issues concerning the sale of the home shall be submitted to the Virginia Beach Circuit Court for determination in a non-jury proceeding.

Page 5 of 13

9. **EQUITABLE DISTRIBUTION** – Regarding equitable distribution, Wife solely owns all of her pensions and retirement. Husband solely owns all of his pensions and retirement. Husband agrees to pay Wife the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) at the rate of 6% interest, in a monthly payment amount of EIGHT THOUSAND AND NO/100 DOLLARS ($8,000.00), commencing March 5, 2008, payable in semi-monthly installments of FOUR THOUSAND AND NO/100 DOLLARS ($4,000.00), on the fifth and twentieth of each month.

Counsel for the parties in this case shall jointly confer with a business law expert to determine reasonable stock alienation restrictions to ensure Wife's entitlement of this equitable distribution award in the event of Husband's death. Such limitations on alienation shall be incorporated in a subsequent Written Agreement.

Husband shall be entitled to credits for any moneys paid to Wife constituting his one-half of the marital home proceeds, it being the intent of the parties to divide the equity in the marital home equally.

10. **LIFE INSURANCE** – The Wife shall be the irrevocable beneficiary of Husband's life insurance policy with a face amount of $150,000.00. Husband is solely responsible for payment of any premiums, and the benefit to Wife shall be unencumbered by any policy loans, and he shall furnish annual proof of good standing thereof.

11. **PERSONAL PROPERTY** - The parties agree that each party will retain and solely own that personal property in his or her respective possession and acknowledge that

Page 6 of 13

the Wife shall be entitled to all of the personal property in the former marital home with the exception of the Husband's heirlooms and furniture passed down to him through his family. Any disputes shall be resolved in a summary non-jury proceeding.

12.   <u>PENSION</u> - Each party agrees to forever waive any right or interest he or she may have to share in the retired/retainer pay or pension of the other party.

13.   That each party shall be free from the interference, authority and control, direct and indirect, by the other, as fully as if he or she were single and unmarried, and each may conduct himself or herself and live as such. Neither shall molest or interfere with the other in any matter.

14.   That the parties do agree to accept, and do hereby accept, the covenants and conditions hereinbefore mentioned in full, complete and final settlement of any and all claims and demands of every kind, whether the same be in law or equity, against the other.

15.   That the parties hereto shall and will at any time or times hereinafter make, execute and deliver any and all such further instruments and things that the other of such parties shall require for the purpose of giving full effect to these presents and to the covenants, promises and agreements thereof.

16.   That Husband and Wife acknowledge that this agreement is entered into by each of them with full knowledge on the part of each of them, as previously expressed, of the extent and probable value of all property and estate of the other, and the rights which in the absence of this agreement would be conferred by law upon each of them in the property and

Page 7 of 13

estate of the other; and each of them has executed this agreement of his or her own volition, free from any persuasion, influence, duress or fraud on the part of the other, or any party whomsoever; it being the express intention of the parties that their respective rights in each other's property and estate accruing by operation of law shall be determined and fixed by this agreement and not otherwise except as may herein be provided.

17. That this agreement shall not be altered, modified or changed in any manner except by an instrument in writing duly signed by the parties hereto, and anything in this agreement contained to the contrary notwithstanding. It is the distinct agreement and understanding of the parties hereto that this agreement and these provisions constitute the sole and exclusive agreement and understanding of the parties hereto, and there are no oral or written promises, inducements, or agreements whatsoever between them, except as herein contained; and that further, this agreement and the provisions hereunder shall be binding upon each, his or her heirs, executors, administrators and assigns forever.

18. Husband and Wife hereby acknowledge that he or she has had full opportunity to consult with an attorney of his or her own choosing prior to the execution of this Agreement. The parties covenant further that no threats, promises or other means of coercion have been utilized to force the other to execute this Agreement, the same having been done freely and voluntarily by each.

19. In the event either party, by action or suit, except as may otherwise be expressly provided herein, seeks to enforce or prevent the breach of this Agreement or any provision

hereof, the prevailing party shall be entitled to be reimbursed by the losing party for all expenses incurred thereby, including, but not limited to, costs and attorney's fees for services rendered to the prevailing party.

20.    ATTORNEY'S FEES – The issue of attorney's fees is reserved for resolution by subsequent hearing by the attorneys and the assigned Judge in the Virginia Beach Circuit Court.

21.    SEVERABILITY – If a Court of competent jurisdiction shall, at any time, hold that a portion of this Agreement is invalid; the remainder shall not be affected thereby and shall continue in full force and effect.

22.    BANKRUPTCY – The obligations imposed upon the parties hereunder to pay any sums which are for the other's party's benefit or for which one party is holding the other party harmless under the terms of the Agreement shall not be dischargeable in bankruptcy.

23.    SOCIAL SECURITY - Nothing in this Agreement shall affect any social security benefits either party may be entitled to as an ex-spouse under applicable federal law.

24.    NO-FAULT DIVORCE - This Agreement shall be a bar to a divorce on any grounds except no-fault grounds, except such filing be for the purpose of enforcing this Agreement, preventing a breach thereof, or for the purpose of obtaining a Decree Affirming the Validity of this Agreement pursuant to '20-109.1 of the Code of Virginia of 1950, as amended.

25.    <u>EQUITABLE DISTRIBUTION WAIVER</u> - Except as herein provided for, the parties waive any other right or claim they may have to marital or separate property, of whatever kind or nature, under Section 20-107.3 of the Code of Virginia of 1950, as amended, more commonly known as Virginia's Equitable Distribution Laws.

26.    <u>RECONCILIATION</u> - In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this agreement with respect to (a) settlement of property rights, whether executed or executory, shall nevertheless continue in full effect without abatement of any term or provision hereof; and (b) the enforcement thereof, if any, shall be suspended and abated for so long as such reconciliation shall continue, except as otherwise provided by valid written agreement duly executed by both parties after or upon reconciliation.

In the event of such reconciliation, as included above, the property settlement provisions hereof shall remain in full force and effect, whether executed or executory, and the support payment, if any, shall abate during the period of reconciliation. However, in the event that the parties subsequently separate after such reconciliation, the support provisions, if any, shall thereupon be revived and be fully operative, the intent hereof only to abate the provisions, if any, for support during the period of such reconciliation, and in the sense, this agreement shall, upon reconciliation, be deemed a "marital agreement", within the meaning of Code of Virginia, Section 20-155, entered into between married persons with each other for the purpose of settling the rights and obligations of either and both of them to the same

Page 10 of 13

extent and with the same effect as a premarital agreement, except that this agreement is effective immediately upon execution hereof and shall remain in full force and effect should the parties reconcile, with the exception that the support provisions, if any, shall abate during the period of reconciliation and shall be reactivated and effective immediately upon a subsequent separation of the parties. If the parties herein waive support, then that waiver shall survive reconciliation and be effective upon subsequent separation.

Notwithstanding any doctrine or case law or statutory law to the contrary, any property transferred pursuant to this agreement shall be considered the separate property of the grantee and shall not be considered marital property or hybrid property and shall not be subject to equitable distribution even though the parties may subsequently reconcile after such transfer and even though either or both parties may after such transfer make contributions, monetary and/or non-monetary or by way of services, in the acquisition, care, maintenance, and/or preservation of such property, whether from marital funds, separate or hybrid funds and whether made for principal, interest, taxes, insurance, repairs or whatever purpose.

IN WITNESS WHEREOF AND AGREEMENT TO, the parties hereto set

their respective hands and seals on the day and year above written.

_____ (SEAL)
CHARLES M. REYNOLDS, JR

**COMMONWEALTH OF VIRGINIA
AT LARGE,  to-wit:**

I, a Notary Public in and for the Commonwealth of Virginia, at Large, do certify that CHARLES M. REYNOLDS, JR, whose name is signed to the writing above, bearing date of the 22nd day of May, 2008, has acknowledged the same before me in the State aforesaid.

GIVEN under my hand this 22nd day of May, 2008.

NOTARY
REGISTRATION ID:
#7111131

_____
NOTARY PUBLIC

My commission expires: August 31, 2011

TEJUANA DESHA THOMAS
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUG. 31, 2011

Page 12 of 13

ESTELLA H. REYNOLDS (SEAL)

COMMONWEALTH OF VIRGINIA
AT LARGE, to-wit:

I, a Notary Public in and for the Commonwealth of Virginia, at Large, do certify that ESTELLA H. REYNOLDS, whose name is signed to the writing above, bearing date of the 25th day of June, 2008, has acknowledged the same before me in the State aforesaid.

GIVEN under my hand this 25th day of June, 2008.

_____
NOTARY PUBLIC

My commission expires: 6/30/12

DEBRA C. SELBY
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 182127
My Commission Expires 6/30/12

CERTIFIED TO BE A TRUE COPY
OF RECORD IN MY CUSTODY
TINA E. SINNEN, CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY _____
DEPUTY CLERK

CERTIFIED
JAN 25 2016

Page 13 of 13

EXHIBIT M

EXHIBIT
2

VIRGINIA:  IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

ESTELLA H. REYNOLDS,

        Plaintiff,

v.                                                    CASE NO.:  CL06-5

CHARLES M. REYNOLDS, JR.,

        Defendant.

### FINAL DECREE A VINCULO MATRIMONII

THIS CAUSE came to be heard upon the plaintiff's Complaint, and the return of service of process thereof upon the defendant; upon defendant's Answer and Cross-Bill; upon plaintiff's Answer to said Cross-Bill; upon a hearing after due notice to defendant; and upon testimony of witnesses on behalf of plaintiff duly taken before the Judge to whom this cause was heretofore assigned, and before whom the documentary and testimonial evidence was taken and heard ore tenus.

UPON CONSIDERATION WHEREOF, it appearing to the Court independently of the admissions of either party in the pleadings or otherwise that plaintiff and defendant were lawfully married on August 19, 1956, in Acree, Georgia; that two children were born or of this marriage, both of whom are over the age of eighteen and fully emancipated; that plaintiff and defendant last cohabited as husband and wife in Virginia Beach, Virginia; that plaintiff is domiciled in and has been a bona fide resident and domiciliary of the State of Virginia for more than six (6) months next preceding the commencement of this suit; that both parties are sui juris, of sound mind and capable of understanding the nature of these proceedings; over the age of eighteen (18) years and defendant is not in the military service of the United States; that neither party is

FILED
VA BEACH CIRCUIT COURT

18 JUL -5 AM 9: 34

TINA E. SINNEN, CLERK

BY _____ D.C.

VIRGINIA.   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.: CL06-5

incarcerated in a mental or penal institution; that the parties have lived separate and apart for more than one year, that is, since on or about December 24, 2005, without any cohabitation and without interruption and no reconciliation has taken place or is probable; and that subsequent to their separation, while each was represented by counsel of his or her own choosing, entered into a Separation Agreement dated February 26, 2008, with respect to maintenance and spousal support, property division, and other matters concerning the marriage of the parties, which Agreement was entered as evidence in this cause as an Exhibit and filed with the pleadings herein; and that the plaintiff has moved to amend her Complaint to allege grounds for divorce of a separation exceeding one year, pursuant to §20-121.02 of the Code of Virginia of 1950, as amended;  and that neither party has not objected thereto, it is

ADJUDGED, ORDERED and DECREED, that the defendant's Cross-Complaint is dismissed and that the plaintiff be and is hereby granted a divorce A VINCULO MATRIMONII from the defendant pursuant to §20-91(9)(a) of the Code of Virginia, 1950, as amended, the parties having lived separately and apart and without cohabitation and without interruption for a period exceeding one year; namely, since December 24, 2005, and it is further ORDERED that plaintiff's motion pursuant to §20-121.02 of the Code of Virginia of 1950, as amended, is granted, and it is further

ADJUDGED, ORDERED and DECREED, that the Court doth ratify, confirm and incorporate into this Decree, but not merge, by reference thereto the Agreement

10

VIRGINIA.   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.:   CL06-5

between the parties dated February 26, 2008, as though fully set forth herein, and it is

further

ADJUDGED, ORDERED and DECREED, that in accordance with paragraph

one of the said Agreement, defendant shall be denied spousal support, inasmuch as he

waived same. Defendant agrees to pay to plaintiff, as and for spousal support, the sum

of SEVEN THOUSAND AND NO/100 DOLLARS ($7,000.00) per month, commencing on

March 5, 2008, and payable in semi-monthly installments of THREE THOUSAND FIVE

HUNDRED AND NO/100 DOLLARS ($3,500.00) each on the fifth and twentieth of each

month.   Such payments shall continue until the death of either party or the plaintiff's

remarriage, whichever first occurs.   The amount of spousal support set forth herein

shall be subject to modification by a court of competent jurisdiction upon a showing of

a material change in circumstances not due to the fault of the party seeking

modification, and it is further

ADJUDGED, ORDERED and DECREED, that regarding equitable distribution,

in accordance with paragraph three of the said Agreement, plaintiff solely owns all of

her pensions and retirement.   Defendant solely owns all of his pensions and retirement.

Defendant agrees to pay plaintiff the sum of ONE MILLION AND NO/100 DOLLARS

($1,000,000.00) at the rate of 6% interest, in a monthly payment amount of EIGHT

THOUSAND AND NO/100 DOLLARS ($8,000.00), commencing March 5, 2008, payable

10

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.: CL06-5

in semi-monthly installments of FOUR THOUSAND AND NO/100 DOLLARS ($4,000.00), on the fifth and twentieth of each month.

Counsel for the parties in this case shall jointly confer with a business law expert to determine reasonable stock alienation restrictions to ensure plaintiff's entitlement of this equitable distribution award in the event of defendant's death. Such limitations on alienation shall be incorporated in a subsequent Written Agreement.

Defendant shall be entitled to credits for any moneys paid to plaintiff constituting his one-half of the marital home proceeds, it being the intent of the parties to divide the equity in the marital home equally, and it is further

ADJUDGED, ORDERED and DECREED, that the former marital residence, located at 4504 Kelley Court, Virginia Beach, Virginia be listed for sale. In the interim, the plaintiff shall have the right of exclusive possession, and the parties shall execute a note and Deed of Trust secured by said property in the amount of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), to enable plaintiff to relocate. Plaintiff shall receive the loan proceeds. Defendant shall make the monthly payment in the form of an offset from his monthly equitable distribution payment, as set forth in paragraph three of the said Agreement.

The parties further agree that plaintiff's current secured Note of approximately $110,000.00 with Bank of the Commonwealth now secured by a neighbor's property and plaintiff's car shall be secured by 4504 Kelly Court.

10

VIRGINIA.   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.:   CL06-5

If at closing, there is a deficiency of $110,000.00 or less, it shall be the responsibility of the plaintiff to pay same. Should plaintiff be incapable of financing the deficiency, defendant agrees to guarantee same, and he shall be held harmless by plaintiff and she shall be solely obligated to pay same (the plaintiff shall use all reasonable means to collateralize the loan). Until sale, plaintiff is solely responsible for the monthly payment on the first mortgage (purchase money Deed of Trust). Any issues concerning the sale of the home shall be submitted to the Virginia Beach Circuit Court for determination in a non-jury proceeding, and it is further

ADJUDGED, ORDERED and DECREED, that upon motion or application of either party hereafter, this cause shall be reinstated upon the docket for such purposes as may be necessary to grant full relief to all parties pursuant to Virginia Code, Section 20-121.1, including fixing, determining, or clarifying the marital portion or marital share of pension, profit sharing, deferred compensation or other retirement plan or benefits, and for further relief or otherwise adjudicating the remedy provided by Code of Virginia, Section 20-107.3, for which purposes jurisdiction is hereby retained, on the motion of one or both of the parties, and the Court having determined that such action is clearly necessary or for the purpose of execution or enforcement of any of the terms of this decree which has not been transferred to the Juvenile and Domestic Relations District Court.

10

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.:   CL06-5

This Court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order, including this decree, entered pursuant to Code of Virginia, Section 20-107.3K, including the authority to:

1.      Order a date certain for transfer or division of any jointly-owned property under Code of Virginia, Section 20-107.3C;

2.      Punish as contempt of court any willful failure of a party to comply with the provisions of any order, including this decree, made by the court in this case under Code of Virginia, Section 20-107.3;

3.      Appoint a special commissioner to transfer any property under Code of Virginia, Section 20-107.3C, where a party refuses to comply with the court to transfer such property;

4.      Divide or transfer jointly-owned marital property or any part thereof, pursuant to Code of Virginia, Section 20-107.3C, upon the failure of a party to comply with an order of division or transfer or both in this case;

5.      Modify any order entered in this case, including this decree, intended to affect or divide any pension, profit-sharing, deferred compensation or other retirement plan or other retirement benefits pursuant to the United States Internal Revenue Code, the Uniformed Services Former Spouse's Protection Act, or other applicable federal laws, for the purpose of establishing or maintaining the order as a Qualified Domestic

10

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.: CL06-5

Relations Order or to revise or conform its terms so as to effectuate the expressed intent of the order; and

      6.     To ratify and affirm a more detailed and comprehensive property Stipulation Agreement.

<u>NOTICE</u>

      1.     The plaintiff's date of birth is December 27, 1936; plaintiff's last known address is 4504 Kelley Court, Virginia Beach, Virginia 23462; current residential telephone number is (757) 490-1575; plaintiff is unemployed; (VA) driver's license number is set forth in the Addendum for Protected Identifying Information. The plaintiff's Social Security Number is filed under seal in the Addendum for Protected Identifying Information, which is incorporated by reference and made a part of this Order.

      The defendant's date of birth is January 11, 1937; defendant's last known address is 7202 Burgandy Lane, Annapolis, Maryland; current residential telephone number is (757) 435-8452; defendant's employer telephone number is (202) 396-8982 and defendant is employed by Reynolds & Associates, Inc., located at 1430 G. Street. N.E., Washington, DC 20002; (MD) driver's license number is set forth in the Addendum for Protected Identifying Information. The plaintiff's Social Security Number is filed under seal in the Addendum for Protected Identifying Information.

10

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.:  CL06-5

2.      The defendant shall be denied spousal support, inasmuch as he waived same.  Defendant agrees to pay to plaintiff, as and for spousal support, the sum of SEVEN THOUSAND AND NO/100 DOLLARS ($7,000.00) per month, commencing on March 5, 2008, and payable in semi-monthly installments of THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3,500.00) each in accordance with the Separation Agreement signed by the parties.  The effective date of this Order is the date of entry. The first monthly payment shall be due on the first day of the month following the hearing date and on the first day of each month thereafter, except as otherwise set forth in this Order.  In addition, an amount shall be assessed for any full and partial months between the effective date of the Order and the date that the first monthly payment is due.  The assessment for the initial partial month shall be prorated from the effective date through the end of that month, based on the current monthly obligation.

3.      Health care coverage is as follows:  No health care coverage is ordered for a spouse or former spouse, except as set forth in the parties stipulation and property settlement agreement.

4.      Support arrearages and the issues related to same are reserved unto this court.  In the event of a support arrearage, all payments are to be credited to current support obligations first, with any payment in excess of the current obligation applied to the arrearages.

VIRGINIA.   IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.:   CL06-5

5.     If spousal support payments are to be made through the Department of Social Services, or directly to the obligee, and unless the court for good cause shown orders otherwise, the parties shall give each other and the court, and when payments are to be made through the Department, the Department of Social Services at least thirty days' written notice, in advance, of any change of address and any change of telephone number within thirty days after the change.

6.     In determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law.

It is ADJUDGED, ORDERED and DECREED, pursuant to §20-107.1 and §20-124.5, that each party shall be required to provide thirty (30) days advance written notice to this Court or to the Court to which this matter is referred and to the last known address of the other party, notice of any intended change of address, and any change of telephone number within thirty days after the change.   Such notice shall provide the Court and the other party of the intended date of the change of address, the specific street, route address, city or county, state and zip code of the intended new address and shall be mailed to this Court or the court which shall have the jurisdiction of all future matters of custody, visitation and support at the following address:  Virginia Beach Juvenile and Domestic Relations District Court, 2425 Nimmo Parkway, Virginia 23510 and shall certify the date that such information was provided to the other party and the method of such notification, and it is further

10

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Estella H. Reynolds v. Charles M. Reynolds, Jr.
Case No.: CL06-5

ADJUDGED, ORDERED and DECREED, that this cause be and it is hereby
transferred to the Juvenile and Domestic Relations District Court of the City of Virginia
Beach for enforcement or revisions as may be from time to time required on all matters
pertaining to future spousal support and maintenance.

And this matter is retained on the docket until July 19, 2008, which is the next
scheduled hearing date relating to ancillary matters now pending before this court.

ENTER: 6/30/08

_____
Judge

I ASK FOR THIS:

_____ p.q.
George A. Christie, Esquire

CERTIFIED TO BE A TRUE COPY
OF RECORD IN MY CUSTODY
TINA E. SINNEN, CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY _____
DEPUTY CLERK

SEEN AND AGREED:

_____ p.d.
Timothy P. Sceviour, Esquire
ABRONS, FASANARO & SCEVIOUR, P.L.L.C.
2415 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510
Phone: (757) 640-1234
Fax: (757) 640-0202
(document prepared by T.P. Sceviour)

CERTIFIED

JAN 2 5 2016

10



Estella Reynolds
301 Brooke Avenue
Norfolk, Virginia 23510

September 18, 2009

Mr. Marc Van Dyck
4504 Kelley Court
Virginia Beach, Virginia 23462

Dear Mr. Van Dyck:

Please be advised that per your lease agreement your rent is delinquent as of September 6, 2009. A late fee in the amount of $117.50 is due immediately along with the rental amount of $2,350.00.

**The total amount due for September's rent is $2467.50.**

In addition, according to the lease, item **#6 Tenant Responsibilities** reads as follows:

The Tenant agrees to accept responsibility for the following:

a. Maintaining the lawn, including mowing, watering, weeding, and other reasonable maintenance as needed.

The yard has not been maintained. I have enclosed a copy of an estimate obtained from Prosperity Landscaping and Detailing.

**The total amount due for the lawn services is $3,047.43.**

Please emit the total amount of **$5,514.93**, immediately.

Your prompt attention to this matter is warranted.

Respectfully,

Estella H. Reynolds, PhD

*Mailed 9/21/0*

FILED
VA. BEACH CIRCUIT COURT

18 JUL -5 AM 9: 34

TINA E. SINNEN, CLERK

Rental Property

4504 Kelley Ct
Virgina Beach, VA 23462

Rental Period for 2009 Jan - Sep.

Rent: $2,350.00
× 9 months
$21,150.00

Rental Management fees: $14,400.00

Repairs & Replacements

Hot Water Heater - $673.98

Clean out expenses - $500.00   A+Cleaning Service

Lawncare = $300.00

Lindsey Brothers = $666.83
Orkin = $369.00

Utilitres ⇒ Dominion Power ⇒ $538.63