**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH**

**CHARLES M. REYNOLDS, JR.,**
          *Plaintiff,*

v.                                              **CASE NO.: CL18-3108**

**GREGORY PRESTON REYNOLDS,**
          *Defendant.*
Serve at: 408 Hartford Drive
        Nutley, NJ 07110

### AMENDED COMPLAINT

COMES NOW the Plaintiff, Charles M. Reynolds, Jr., by counsel, and for his Amended Complaint against Gregory Preston Reynolds, states as follows:

### Parties

1.    Plaintiff Charles M. Reynolds resides in Naples, Florida and is a citizen of the State of Florida.

2.    Defendant Gregory Preston Reynolds resides at 408 Hartford Drive, Nutley, New Jersey, is a citizen of the State of New Jersey and is the biological son of the Plaintiff and Estella H. Reynolds.

### Jurisdiction and Venue

3.    The Court has subject matter jurisdiction pursuant to Virginia Code §17.1-513.

4.    The causes of action that give rise to this litigation took place in the City of Virginia Beach.

5.    The Court has personal jurisdiction pursuant to Virginia Code §§8.01-328.1(1), (3) and/or (6).

6.    Venue is proper in this Court pursuant to Virginia Code §8.01-262.

### Facts Common to All Counts

7.    For the last two years, Defendant Gregory Preston Reynolds colluded, conspired

and acted in concert with his mother, Estella H. Reynolds (the "Mother"), for the purpose of willfully and maliciously injuring the Plaintiff in his reputation, trade, and business by and through abusing his position as his Mother's agent and attorney in fact under her power of attorney. The Defendant knowingly interfered with a certain "Stipulation Agreement" between his Mother and the Plaintiff.  The Stipulation Agreement is attached hereto as Exhibit 1.

8. The Plaintiff and Defendant's Mother were divorced by operation of a certain "Final Decree A Vinculo Matrimonii" entered by the Virginia Beach Circuit Court on June 30, 2008 that incorporated the Stipulation Agreement (the "Divorce Decree").  The Divorce Decree is attached hereto as Exhibit 2.

9. Subsequent to the divorce, the Defendant requested and received from his Mother his appointment as her agent under a power of attorney (the "POA").

10. On information and belief, the Defendant requested the POA appointing him as his Mother's agent for the purpose of harassing the Plaintiff, causing the Plaintiff financial hardship, and taking financial advantage of his Mother.

11. Once appointed as agent, the Defendant proceeded to intervene and take control over certain assets that were subject to the provisions of the Stipulation Agreement, to the Plaintiff's detriment.

12. One such asset was the marital home located at 4504 Kelley Court, Virginia Beach, Virginia (the "Marital Residence").

13. Without the Plaintiff's knowledge, consent or acquiescence, and in violation of the provisions of the Stipulation Agreement, the Defendant collected at least nine (9) months of rental income of $2,350.00 per month for a total amount of $21,150.00 (the "Rental Income") from a certain Marc Van Dyck, the Tenant of the Marital Residence, as evidenced by the

document attached hereto as Exhibit 3.

14. The Plaintiff first became aware that the Defendant collected and converted the $21,150.00 in Rental Income on or about August 15, 2017, the date that Estella Reynolds' legal counsel, Carolyn Camardo of the law firm of Harry Jernigan, CPA Attorney, P.C., made Estella Reynolds' divorce file available for review and copying by Plaintiff's counsel, at which time the documents attached hereto as Exhibit 3 were discovered.

15. On information and belief, Exhibit 3 was inadvertently disclosed to Plaintiff's counsel; that is, neither the Defendant, nor Estella Reynolds, nor Estella Reynolds' attorneys meant to disclose Exhibit 3 to Plaintiff's counsel. The attorneys at the law firm of Harry Jernigan, CPA Attorney, P.C. are necessary and indispensable witnesses to the actions of the Defendant and the claims made herein.

16. On or about September 2010, to interfere with the Stipulation Agreement and to cause damage to Plaintiff, Defendant had his Mother move out of the Marital Residence so that he could rent it to a third party and collect and keep for himself rental income in excess of $21,150.00.

17. Before the entry of the Divorce Decree, the Marital Residence was owned by Plaintiff and Estella Reynolds as husband and wife, tenants by the entirety. However, once the Divorce Decree was entered by the Virginia Beach Circuit Court, the tenancy by the entirety was terminated and the now *former* spouses became tenants in common. As tenants in common, they were each entitled to receive one-half of the rental income generated by the Marital Residence.

18. Under the Stipulation Agreement, Plaintiff was solely responsible for paying all liabilities relating to the Marital Residence from the time of the Stipulation Agreement to the time the parties sold the Marital Residence.

19. The Stipulation Agreement did not provide for, or allow, Estella Reynolds to move out of the Marital Residence, rent it out and keep the rental income. Rather, because Plaintiff was solely responsible for all liabilities relating to the Marital Residence under the Stipulation Agreement until the residence was sold, Plaintiff was entitled to receive any and all rental income generated by the Marital Residence.

20. Defendant was fully aware of all of the terms and conditions of the Stipulation Agreement and of the respective duties and obligations of the parties under the Stipulation Agreement.

21. Once Estella Reynolds moved out of the Marital Residence and allowed Defendant to rent it out and begin collecting and using the Rental Income, she was in default under the Stipulation Agreement and the Divorce Decree.

22. Defendant and Estella Reynolds both knew that Estella Reynolds was in default under the Stipulation Agreement and the Divorce Decree once the Marital Residence was rented out and Defendant was collecting and using the Rental Income for his own benefit.

23. As a matter of contract law, the foregoing default excused, or at least suspended, Plaintiff's duty to perform under the Stipulation Agreement while the default existed.

24. The foregoing default constituted a defense in favor of Plaintiff against any enforcement action by Estella Reynolds under the Stipulation Agreement while the default existed.

25. Defendant and Estella Reynolds both actively and intentionally concealed from the Plaintiff the facts that: the Marital Residence was being rented out, the Defendant was collecting and using the Rental Income for his own benefit, Estella Reynolds was in default under the Stipulation Agreement and the Divorce Decree, Plaintiff was legally excused from

performing (that is, making payments to Estella Reynolds) under the Marital Agreement while the default existed, and that Plaintiff had a defense to any enforcement action by Estella Reynolds while the default existed.

26. Defendant and Estella Reynolds both knew that the Rental Income was owned by and belonged to Plaintiff, and Defendant and Estella Reynolds colluded, conspired and acted in concert with each other to:

a. defraud Plaintiff out of the Rental Income;

b. convert the rental income to Defendant's use;

c. to conceal from Plaintiff the fact that Estella Reynolds was in default under the Stipulation Agreement, that Plaintiff was thereby legally excused from performing under the Stipulation Agreement while the default existed, and that Plaintiff had a legal defense to any enforcement action under the Stipulation Agreement while the default existed.

27. Defendant and Estella Reynolds actively and successfully concealed the foregoing fraud from Plaintiff.

28. Plaintiff did not know that Defendant and Estella Reynolds had conspired against and defrauded Plaintiff as described above until August 15, 2017, the date the documents attached hereto as Exhibit 3 were discovered by Plaintiff's counsel, and Plaintiff could not have discovered the fraud before that time by exercising due diligence.

29. In addition to orchestrating the conversion of the Rental Income, and while Estella Reynolds was in default under the Stipulation Agreement and Divorce Decree, Defendant used his appointment as his Mother's agent under the POA to intervene and take control over certain litigation between his Mother and the Plaintiff. Specifically, Defendant used the POA to institute and prosecute enforcement proceedings against Plaintiff under the Stipulation

Agreement and Divorce Decree in Virginia Beach Circuit Court for the purpose of causing the Plaintiff financial hardship and to maliciously injure the Plaintiff in his reputation, trade, and business.

30. In connection with that certain Virginia Beach Circuit Court Case styled as "Estella H. Reynolds v. Charles M. Reynolds, Jr.", case number CL06-5-01, the Defendant made the decisions to file collection/enforcement motions and three (3) motions to reconsider rulings of the Court, which decisions were not disclosed to or known by the Mother, and which were misrepresented by Plaintiff to the Mother as being motions the Plaintiff had filed.

31. As a direct result of Defendant's wrongful conduct as described above, Plaintiff suffered adverse rulings in the foregoing collection/enforcement proceedings in Virginia Beach Circuit Court and incurred significant legal expenses in connection therewith, none of which would have taken place had Defendant not colluded against and defrauded Plaintiff as described above. Defendant has thereby damaged Plaintiff legally, financially, in Plaintiff's reputation, and in connection with Plaintiff's business.

## **COUNT I - TORTIOUS INTERFERENCE WITH CONTRACT**

32. The allegations set forth above are incorporated herein by reference.

33. Defendant knew about the existence and the content of the Stipulation Agreement.

34. Defendant knew that Plaintiff was a beneficiary of many provisions of the Stipulation Agreement, including the provisions concerning the Marital Residence.

35. Defendant knowingly engaged in a course of conduct the purpose of which was to interfere with the Stipulation Agreement and deprive Plaintiff various benefits under the Stipulation Agreement.

36. Once his Mother appointed him as her agent, Defendant proceeded to intervene

and take control over certain divorce proceedings between the Mother and the Plaintiff for the purpose of causing the Plaintiff to suffer financial hardship and incur needless litigation expenses.

37. In that certain Virginia Beach Circuit Court Case No. CL06-5-01, the Defendant made the litigation decisions to file several collection motions and three (3) motions to reconsider the same ruling of the Court over a period of 10 months. These decisions were not disclosed to the Mother, and Defendant purposely misrepresented to the Mother that it was the Plaintiff that had filed the subject motions to cause the litigation to continue.

38. On information and belief, Defendant has made other attempts to interfere with the Stipulation Agreement and cause the Plaintiff damages.

39. Defendant's tortious interference with the Stipulation Agreement caused Defendant financial and reputational damage.

### COUNT_II - CONVERSION

40. The allegations set forth above are incorporated herein by reference.

41. In 2010, the Defendant collected at least $21,150.00 in rental income from the Marital Residence, which Defendant converted for his own benefit and use to the detriment of the Plaintiff, the rightful owner of the Rental Income.

42. Defendant has wrongfully exercised dominion and control over the Rental Income belonging to Plaintiff, depriving Plaintiff of its use and enjoyment. As such, the Defendant has improperly converted the Rental Income.

43. As a result of Defendant converting the Rental Income, the Plaintiff has incurred damages.

44. The Defendant acted with malice and conscious disregard for the rights of the

Plaintiff and is therefore properly subject to an award of punitive damages against him.

## COUNT III - UNJUST ENRICHMENT

45. The allegations set forth above are incorporated herein by reference.

46. Alternatively, Defendant would be unjustly enriched, and the Plaintiff would suffer to his detriment, if Defendant were to unjustly receive the benefit of the $21,150.00 in rental Income.

47. Plaintiff has incurred damages as a result of Defendant's actions.

48. Accordingly, Defendant is liable to the Plaintiff for the value of the rent collected in the amount of at least $21,150.00, under the theory of unjust enrichment.

## COUNT IV -VIOLATION OF VIRGINIA CODE §18.01-499 AND §18.01-500

49. The allegations set forth above are incorporated herein by reference.

50. Virginia Code § 18.2-499, provides:

Combinations to injure others in their reputation, trade, business or profession-

A. Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever … shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.

51. The Defendant's conduct, as described above, constitutes a combination of Defendant and the Mother to willfully and maliciously injure the Plaintiff in his reputation, trade, or business, in violation of Virginia Code 18.2-499.

52. Virginia Code § 18.2-500 provides:

A. Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits.

   B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.

  53. Accordingly, pursuant to Virginia Code 18.2-500, the Plaintiff is entitled to recover damages sustained by him, and the costs of suit, including attorney's fees, and Plaintiff is entitled to have the Defendant restrained and enjoined from continuing the acts complained of.

  54. Plaintiff and his businesses have suffered damages as a result of the Defendant's acts in violation of Virginia Code §§ 18.2-499 and 500.

  55. Pursuant to Virginia Code § 18.2-500, the Plaintiff moves this Court to enter an injunction order preventing the Defendant from taking any action against the Plaintiff under the guise of the POA and enjoining Defendant from interfering with the Stipulation Agreement.

## **PRAYER FOR RELIEF**

  WHEREFORE, Plaintiff respectfully moves this Court to grant the following relief:

  A. Pursuant to Count I, II and IV, enter a money judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for punitive and treble damages up to a total amount of $52,850.00.

  B. Pursuant to Count II and III enter a money judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for maximum amount of $21,150.00 for the converted rental income, or in the alternative, for unjust enrichment.

  C. Pursuant to Count II and IV, enter judgment in favor of Plaintiff and against Defendant Gregory Preston Reynolds for attorney's fees in an amount to be determined by the Court.

      D.      Pursuant to Count IV, enter an order enjoining Defendant from acting as agent under the POA in any manner that involves the Plaintiff and enjoin the Defendant from interfering with the Stipulation Agreement.

      E.      Grant such other and further relief as the Court may deem appropriate.

**TRIAL BY JURY IS DEMANDED**

                                                      CHARLES M. REYNOLDS, JR.

                                                        By:  /s/ John M. Barrett
                                                                      Of Counsel

John M. Barrett, Esquire
VSB No.:50912
Allegiant Law, P.C.
200 South Kellam Road
Virginia Beach, VA 23462
(757) 456-5297 - Telephone
(757) 456-5298 – Telefax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that a true and accurate copy of the foregoing pleading was sent, via first class mail, postage pre-paid, and/or by electronic filing, this 23th day of August, 2018, to Glen M. Robertson, Esq., 200 Bendix Road, Suite 300, Virginia Beach, VA 23452.

                                                                  /s/ John M. Barrett